[No. 4288.]

DUFF v. BECKWITH, SECRETARY OF STATE.

1. ELECTIONS—NOMINATIONS—PROTESTS—AUTHORITY OF PETITIONER.

In a proceeding to protest nominations of candidates for office where no objection is made before the secretary of state to the authority of petitioner to make the protest, such objection cannot be

raised on review in the district court.

2.  ELECTIONS—NOMINATIONS—PARTY NAME.

   Nominations of candidates for office under the name "Bryan Demo-
cratic Party" will not be permitted where it appears that nominations
of candidates for the same offices have already been made under the
name "Democratic" and Mr. Bryan was the Democratic candidate for
president.

*Upon Review from the District Court of Arapahoe County.*

Mr. C. J. HUGHES, JR., Mr. A. MOORE BERRY and Mr
H. R. PENDERY for petitioner.

No appearance for respondent.

*Per Curiam.*—The Democratic party of the fifth judicial
district by convention placed in nomination candidates for
the office of district judge and district attorney.  A certifi-
cate of such nominations was filed with respondent.  There-
after nominations for the same offices were made by petition,
under the designation "Bryan Democratic Ticket."  Peti-
tioner. protested such nominations.  One ground upon which
protestant relied was, that the name "Bryan Democratic
Ticket" tended to confuse the voters.  The respondent
passed upon such protest and overruled the same.  There-
upon petitioner commenced proceedings in the district court
for the purpose of reviewing this action.  The court below
dismissed his petition for the reason it did not appear there-
from that he was authorized to represent either the candi-
dates upon the regular Democratic ticket of the fifth judicial
district or the recognized officials of that party.  It does not
appear that this question was raised before respondent, and
therefore cannot be urged for the first time on review.
*Phillips v. Curley, ante* 34.  The parties who made the
nomination by petition had no right, nor should they be
permitted to employ the name "Bryan Democratic Party"
when it appears that a nomination of candidates for the

same offices had already been made under the designation "Democratic." The reasons for this conclusion are discussed in *Phillips v. Curley, supra,* and it is unnecessary to repeat them here. On the authority of that case, the judgment of the district court is reversed, and judgment here directed that the respondent exclude from the official ballot the ticket designated "Bryan Democratic Party," involved in this action.

*Reversed.*

Goddard, J., not participating.